UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RITA MCDOUGALLE,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:11-cv-582-WTL-DML |
| ) | |
| COLLECTION ASSOCIATES, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON CROSS MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Rita McDougalle[1] received a letter from Defendant Collection Associates, Inc., regarding an outstanding debt ("the Letter").  At issue in this litigation is the following language contained in the Letter:  "We would like to resolve this matter prior to reporting to a credit bureau 60 days after the date of this letter."  The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(5), by including this language in the letter because the Defendant did not intend to report her unpaid debt to a credit bureau exactly 60 days after the date of the letter, but rather intended to do so in accordance with the Defendant's policy, which meant that the unpaid debt would be reported no fewer than 63 days after the date of the letter.  In fact, the Letter was dated January 19, 2011, and the debt was reported on April 20, 2011, 91 days later.[2]

---

[1] Although the Plaintiff's complaint refers to the Plaintiff as "he" and lists the Plaintiff's last name as "Mcdougalle," it appears that the Plaintiff is, in fact, a woman and her name is actually "McDougalle."

[2] Actually, the Plaintiff alleged in her complaint, which was filed on April 29, 2011, that "[a]s of April 26, 2011, Defendant has not reported this debt to a credit reporting agency as they stated they would."  That allegation was false.  The Defendant argues that the Plaintiff's claim has impermissibly morphed from an allegation that the Defendant never intended to report her to a credit reporting agency at all to an allegation that the Defendant did not intend to make the report on the 60th day.  However, the Plaintiff did not explicitly allege in her complaint that the Defendant *never* intended to make a report to a credit agency; rather, she alleged that more than 60 days had passed and the Defendant had not followed through with its threat.  In addition, the Defendant complains that the Plaintiff now asserts a violation of § 1692e(10) that is not contained in her complaint.   However, "[a] complaint need not identify legal theories, and specifying an incorrect legal theory is not a fatal error," *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir.

Both parties have moved for summary judgment. The only issue presented by the parties is whether the Letter violated the FDCPA's provision that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The Plaintiff first argues that the Defendant violated § 1692e by "creating a false sense of urgency" by implying that the Plaintiff had only sixty days to avoid being reported to a credit bureau when, in fact, she had longer than that. "Urgent" is defined as "[c]ompelling immediate action or attention." American Heritage Dictionary of the English Language (3rd ed. 1992). The Court finds, as a matter of law, that telling a consumer that she has sixty days to act does not create a "sense of urgency," false or otherwise.

The FDCPA also can be violated by threatening to take any action "that is not intended to be taken," 15 U.S.C. § 1692e(5), and using "any false representation . . . to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10). The Plaintiff argues that the Defendant took both of these prohibited actions because it threatened to report her debt to a credit reporting agency 60 days from the date of the letter when it did not intend to do so.

The Plaintiff's argument is premised on her belief that any false statement by a debt collector automatically violates the FDCPA. That view is incorrect, however. The relevant question is not whether every statement in a collection letter is technically correct, but rather whether the letter is false in some material way. "If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense." *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009). "A statement cannot mislead unless it is material, so a false but non-material statement is not

---

2011); indeed, "[e]ven citing the wrong statute needn't be a fatal mistake, provided the error is corrected in response to the defendant's motion for summary judgment and the defendant is not harmed by the delay in correction." *Hatmaker v. Memorial Med. Cntr.*, 619 F.3d 741, 743 (7th Cir. 2010) (citing *Ryan v. Illinois Dept. of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999)).

actionable." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009).

The Plaintiff in this case does not articulate any way in which the precise time frame in which the Defendant intended to report her debt to a credit reporting agency was material to her understanding of her rights under the FDCPA. The Court finds as a matter of law that it was not. Accordingly, the Plaintiff's motion for summary judgment is **DENIED** and the Defendant's motion for summary judgment is **GRANTED**.

SO ORDERED: 07/31/2012

                                                       Hon. William T. Lawrence, Judge
                                                       United States District Court
                                                       Southern District of Indiana

Copies to all counsel of record via electronic notification